UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **ROTECH HEALTHCARE INC.**            ) | |
|                                       ) | |
|     **Plaintiff,**            ) | |
| **v.**                                ) | **Case No. 09-CV-2243** |
|                                       ) | |
| **SYNTHIA ANN HUFF,**                 ) | |
|                                       ) | |
|     **Defendant.**            ) | |

## OPINION

This case is before the court for ruling on an Agreed Motion to Vacate the Court's Opinion and Judgment Entered March 8, 2011 (#33) filed by Plaintiff, Rotech Healthcare Inc. (Rotech). Rotech's Motion (#33) is GRANTED.

## BACKGROUND

On March 8, 2011, this court entered an Opinion (#18) which granted the Motion for Summary Judgment (#9) filed by Defendant, Synthia Ann Huff. Judgment (#19) was therefore entered in favor of Defendant and against Rotech. Rotech filed a Notice of Appeal (#23). This court subsequently entered a text order and granted Defendant's Motion for an Award of Attorney's Fees (#20). On June 3, 2011, an Amended Judgment (#30) was entered which included the award of attorney's fees.

On June 7, 2011, Rotech filed an Agreed Motion to Vacate Order on Motion for Attorney's Fees (#31). Rotech stated that the parties had participated in a lengthy Rule 33 settlement conference conducted by the Settlement Conference Office of the Seventh Circuit Court of Appeals on May 4, 2011. Rotech further stated that, after additional conferences were conducted by the Settlement Office, the parties reached a settlement of outstanding issues in late May. The settlement resolved the issue of Defendant's Motion for an Award of Attorney's Fees, but this court was not

advised of the settlement before its text order was entered. Rotech stated that the parties agreed that this court's text order awarding attorney's fees and the Amended Judgment should both be vacated and the Motion for Attorney's Fees should be dismissed. Rotech also stated that the parties agreed that this court's Opinion and Judgment entered on March 8, 2011, should be vacated in their entirety. Rotech stated that the parties understood that this court lacked jurisdiction to take that action while the case remained pending on appeal. Rotech asked this court to indicate pursuant to Rule 62.1 of the Federal Rules of Civil Procedure whether it would be willing to grant such relief. Rotech stated that the parties agreed that, upon entry of an order vacating and withdrawing from the record this court's Opinion and Judgment, all claims of the parties would be dismissed with prejudice and without an award of fees or costs pursuant to their settlement.

On June 28, 2011, this court entered a text order and granted the Agreed Motion to Vacate (#31) filed by Rotech. This court vacated the text order entered on June 2, 2011 and the Amended Judgment (#30) entered on June 3, 2011. This court stated that, based upon the agreement of the parties, Defendant's Motion for Award of Attorney's Fees (#20) was dismissed. This court also stated that "pursuant to Rule 62.1(a)(3) of the Federal Rules of Civil Procedure, this court states that it would grant an agreed motion to vacate the Opinion (#18) and Judgment (#19) entered on 3/8/2011 if the Seventh Circuit Court of Appeals remands the case for that purpose."

On July 20, 2011, the Seventh Circuit entered an Order (#32). The Seventh Circuit remanded the case to this court pursuant to Rule 12.1 of the Federal Rules of Appellate Procedure for proceedings consistent with this court's text order of June 28, 2011. The Seventh Circuit stated that it would retain jurisdiction and that Rotech, as appellant, was ordered to file a status report with the Seventh Circuit within five days of the district court's ruling on the motion to vacate.

RULING

On July 21, 2011, Rotech filed an Agreed Motion to Vacate the Court's Opinion and Judgment Entered March 8, 2011 (#33). Rotech stated that, following the Seventh Circuit's remand order, this court now has the necessary jurisdiction to enter this relief. Rotech also stated that the parties agreed that upon entry of an order vacating this court's Opinion and Judgment of March 8, 2011, all claims of the parties should be dismissed with prejudice and without an award of fees or costs pursuant to their settlement.[1] Rotech stated that "[a]llowance of this motion is in the public interest because it will facilitate the settlement and efficient disposition of a contentious dispute and help conserve scarce judicial resources." This court concludes that the Agreed Motion should be granted.

IT IS THEREFORE ORDERED THAT:

(1) The Agreed Motion to Vacate the Court's Opinion and Judgment Entered March 8, 2011 (#33) is GRANTED. This court hereby vacates its Opinion (#18) and the Judgment (#19) entered on March 8, 2011.

(2) All claims of the parties are dismissed with prejudice and without an award of fees or costs.

ENTERED this 22nd day of July, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

[1] This court notes that Rotech has also asked that the Opinion be "withdrawn of record." That is not possible with the court's electronic filing system.